O’Neall, J.
The information of the defendant against the plaiutiff' and the indictment, charge a mere trespass, for it is-in vain to contend that the facts charged make out the offence created by the third section of the act of 1789, P. L. 486. The marking, branding or disfiguring of any horse, mare, gelding, ass, mule, bull, cow, steer, ox, or calf, is made, for the first *500 offence, a misdemeanor, which subjects the defendant to fino, and on his inability to pay the same, to whipping: for a repetition of the offence there is an increase of punishment. There is nothing said about killing cattle in the clause, until in the latter part of it the Legislature undertake to describe the penalty to be incurred for the second offence: they then declare that the defendant “ shall be liable to the penalty or fine of £40, for each and every horse, mare, gelding, colt, filley, ass, mule, bull, cow, steer, ox or calf by him, her or them hilled, branded or disfigured.” The word “ killed” here used is obviously inserted by mistake ; most probably it is used instead of the word “ marked,” which seems to have been dropped. But its use, in this part of the clause, cannot have any effect; it does not enter into the definition and description of the of-fence created by the act, which is essentially and entirely a different offence from that of killing cattle.
This being the case, the question now to be decided is, whether an indictment preferred for a mere trespass, without any reasonable and probable cause, will support an action for malicious prosecution ? I think it is very clear that it will not. Mr. Justice Buffer, in his Nisi Prius, p. 13, in describing the action of malicious prosecution, says, “ If a man be falsely and maliciously indicted of any crime that may prejudice his fame and reputation, he may bring his action.” This is, I apprehend, the correct notion of the action of malicious prosecution, technically so called. To sustain it, the indictment must charge a crime; and then the action is maintainable per se, on shewing a want of probable cause. It is true that if the charge is made in substance by the indictment, and there is a defect in form, that still it would sustain an action for malicious prosecution. For Buffer remarks, on the page before quoted, “ Where a man is falsely and maliciously indicted of a crime, which hurts his fame, and which is a scandal to him, though the indictment be insufficient, or an ignoramus found, yet an action lies for the slander, because the mischief of that is effected.
There is another class of cases which are popularly called ac.tions for malicious prosecution, but they are misnamed ; they are actions on the case in which both a scienter and a per quod must be laid and proved. I allude now, first, to actions for false and malicious prosecutions for a mere misdemeanor, involving no moral turpitude : secondly, to an abuse of judicial process, by procuring a man to be indicted as for a crime, when it is a mere trespass : third, malicious search warrants.
In all these cases it will be perceived that they cannot be governed by the ordinary rules applicable to actions for malicious prosecutions. It is said by most of our law writers, that. *501 in such cases, you must not only prove want of probable cause, but also express malice and actual injury or loss, as deprivation of liberty, and money paid in defence. The express malice necessary to sustain such actions, ought to be laid and proved, and this is what I understand by the scienter. As in an action for a false and malicious prosecution for a misdemeanor, it must be laid and proved, that the party knowing the defendant’s innocence, still, of his mere malice, preferred the charge ? so in the second class of cases, of which the case in hand is one, it will not do to say that you indicted me, as for a crime, for a trespass, without any probable cause, for in such a case no injury is done to the plaintiff, and no fault is established against the defendant for which he can be punished. But when to this statement we superadd the facts, that the defendant, knowing that the trespass complained of was no crime, yet procured the defendant to be indicted as for a crime, malice is clearly made out; and, if the plaintiff has sustained any injury, the action will lie. There can be no necessary and consequential injury in such cases ; it may or may not arise. In other words, there is no implied injury; fc^here can be no slander, inasmuch as no crime is imputed, ilflual injury must be stated and proved; and this constitutes tinner quod. Deprivation of liberty, or expense of defence, constitute sufficient ground to sustain this part of the fiction.
According to these views the plaintiff’s action was not made out, and the nonsuit was properly ordered.
The motion is dismissed.
Johnson, J. concurred.